W. H. FRANCISCO v. PINE CLIFFE CAMP AND COUNTRY CLUB AND W. B. WADSWORTH v. PINE CLIFFE CAMP AND COUNTRY CLUB.

(Filed 5 October, 1927.)

**Judgments—Liens—Mechanics' Liens—Appeal and Error—Statutes.**

> Where a laborer on a building being constructed has failed in his action to establish a lien on the building, and judgment is entered creating only a judgment lien from which he has not appealed, the lien of·the judgment takes effect from the time of its rendition, and does not relate back to the time of the filing of the lien in the clerk's office under the provisions of our statute relating to mechanics' liens so as to give it priority out of the proceeds of the sale of the property to the liens of other judgments theretofore entered.

APPEALS by W. H. Francisco from *Cranmer, J.,* at June Term, 1927, of CRAVEN.

Controversy among judgment creditors relative to the proper distribution of proceeds arising from sale of defendant's land under execution. The question presented is the right to priority of satisfaction out of said funds.

From the order entered W. H. Francisco appeals, assigning error.

*Guion & Guion and D. H. Willis for plaintiffs:*
*Whitehurst & Barden for appellees.*

STACY, C. J. These appeals present but a single question. It is this: When notice of claim is filed in the clerk's office by a laborer, mechanic or material-furnisher, and judgment subsequently rendered in an action by such laborer, mechanic or material-furnisher against the owner of the building for the amount of his claim, but in which the plaintiff's right to a statutory lien as a laborer, mechanic, or material-furnisher, is specifically denied, does the lien of said judgment take effect from the date of its entry, or would such lien relate back to the date upon which the laborer, mechanic, or material-furnisher filed notice of his claim in the clerk's office?

The question answers itself. His Honor correctly held that as W. H. Francisco failed to obtain a judgment on his claim of lien as a laborer, mechanic, or material-furnisher, and did not appeal from the order awarding him judgment as a general creditor only, the lien of the judgment entered in his favor took effect from the date of its entry, 31 January, 1927, and not from the date of the filing of claim in the clerk's office, 30 July, 1926, which he failed to prosecute to a successful conclusion, and that said judment was not entitled to share in the distribution of the proceeds, derived from the sale of defendant's land under execution, over other judgments, docketed prior to 31 January, 1927.

Affirmed.